No. 22456.

BENNY A. BEAN, ALSO KNOWN AS BENNY KING *v.* THE
PEOPLE OF THE STATE OF COLORADO.

(436 P.2d 678)

Decided January 29, 1968.

Edward H. Sherman, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Robert C. Miller, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

A jury found plaintiff in error, Benny A. Bean also known as Benny A. King, guilty of possession of narcotics, and he was sentenced to thirty months to seven

years in the State Penitentiary. Plaintiff in error will hereinafter be referred to as defendant, or as Bean.

Bean contends that the District Court of the City and County of Denver erred in admitting into evidence (1) marijuana and other evidence seized at defendant's residence under a search warrant alleged to have been improperly issued, and (2) a statement signed by defendant which is alleged to have been involuntary. It is further asserted that if either of these items is found to have been improperly admitted, the evidence would be insufficient to sustain the guilty verdict and the judgment must be reversed. Since we find adversely to the defendant on both of his allegations of error, we affirm the judgment entered on the jury's verdict.

I.

Defendant's first assignment of error attacks the sufficiency of the affidavit given by the police officer to establish probable cause for issuing the search warrant which resulted in seizure of marijuana, marijuana seeds and cigarette papers from his apartment. Invalidity of the warrant under the Fourth Amendment to the United States Constitution and Article II, section 7, of the Colorado constitution would require exclusion of the evidence seized from the trial. *Mapp v. Ohio,* 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081. *Hernandez v. People,* 153 Colo. 316, 385 P.2d 996.

The affidavit describes the premises sought to be searched as defendant's basement apartment and the things sought to be seized as narcotics, including marijuana, and states as grounds for seeking the warrant the following:

"* * * Detective Steve Metros [affiant] received information that BENNY KING DPD#74662 is actively engaged in the sale and traffic of Marihuana, on July 6, 1964 'Bean' entered a guilty plea for Use of Narcotics in Division #10 with a Possession of Narcotics count dismissed. Detective Steve Metros has received information [sic] previously from students at MANUEL [sic]

HIGH SCHOOL. that 'Bean' was selling Marihuana. On July 7, 1964 Detective Metros received information from a previously reliable informant that 'Bean' is again selling Marihuana at the Basement apartment of 3500 Filmore [sic] Street in the rear."

Defendant filed a pretrial motion to suppress this evidence, which was denied. He also objected to its admission at the trial and in his motion for new trial. He argues here that the affidavit is insufficient on its face because it sets out "mere conclusions" of the affiant without stating facts upon which the magistrate issuing the warrant can make an independent judgment as to probable cause, citing *Aguilar v. Texas,* 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed.2d 723; *Jones v. United States,* 362 U.S. 257, 80 S. Ct. 725, 4 L. Ed.2d 697; *Giordenello v. United States,* 357 U.S. 480, 78 S. Ct. 1245, 2 L. Ed.2d 1503; *Hernandez v. People,* 153 Colo. 316, 385 P.2d 996. None of these cases supports Bean's position.

█ The situation at bar is similar to that in *Jones, supra,* where it was held that an affidavit based on information supplied by an unnamed informant is sufficient to support issuance of a warrant, provided it is corroborated by other matters within the officer's knowledge. The "other matters" in *Jones* included "other sources of information" and the fact that the defendant was known by police to be a user of narcotics, both of which elements are present here. This affidavit is not, therefore, the "mere affirmance of the belief or suspicion on the officer's part" which this Court held to be insufficient in *Hernandez, supra.* Nor is it a bare statement that officers had "reliable information from a credible person" which was held insufficient to establish probable cause in *Aguilar, supra.* See also the recent pronouncement of the United States Supreme Court in *McCray v. Illinois,* 386 U.S. 300, 87 S. Ct. 1056, 18 L. Ed. 2d 62, which held that information from unnamed informers similar to that here constituted reasonable

grounds for a warrantless arrest and the subsequent search incident thereto.

 We therefore hold that this affidavit, based on information supplied by a previously reliable informant and corroborated by previous reports of similar activities and affiant's knowledge of defendant's prior involvement with narcotics, was sufficient to support the magistrate's determination that there was probable cause to issue the search warrant. The evidence, having been seized under a valid warrant, was properly admitted against defendant at the trial.

## II.

The statement which defendant alleges to have been improperly admitted at the trial was in his own handwriting, signed by him, and in the following words:

"The stuff, marihuana, found at 3500 Fillmore in the basement did not belong to no one but myself."

Defendant argues that under *Escobedo v. Illinois,* 378 U.S. 478, 84 S. Ct. 1758, 12 L. Ed.2d 977, and *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed.2d 694, this statement was inadmissible against him because the police had not warned him of his right to remain silent and his right to consult with counsel prior to interrogation.

 Defendant was tried July 21, 1965, after *Escobedo, supra,* was decided, but before *Miranda.* Defendant asserts here that *Miranda* was but a "clarification" of *Escobedo,* and therefore the specific warnings enumerated in *Miranda* must be given before his statement can be held admissible as having been voluntarily made. The United States Supreme Court, however, held otherwise in *Johnson v. New Jersey,* 384 U.S. 719, 86 S. Ct. 1772, 16 L. Ed.2d 882, which stated that *Miranda* would apply only to trials begun after June 13, 1966. See also *Andrews v. People,* 161 Colo. 516, 423 P.2d 322. The admissibility of Bean's statement must therefore be judged under the holding of *Escobedo:*

"We hold, therefore, that where, as here, the investi-

gation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, *the police carry out a process of interrogations* that tends itself to eliciting incriminating statements, *the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him* of his absolute constitutional right to remain silent, the accused has been denied the 'Assistance of Counsel' in violation of the Sixth Amendment . . . and that no statement elicited by the police during the interrogation may be used against him at a criminal trial." *Escobedo v. Illinois,* 378 U.S. 478, 490-91, 84 S. Ct. 1758, 1765, 12 L. Ed.2d 977, 986 (Emphasis added).

It is clear that before a statement from a particular suspect in custody is excluded from evidence by reason of *Escobedo,* there must be (1) interrogation by police, (2) a denial of the accused's request to consult with counsel, *and* (3) a failure to warn. *Andrews v. People, supra.* Although there is some conflict in the testimony, the record before us does not conclusively show that *any* of these three elements was present in the instant case. The officers who arrested Bean testified that he volunteered to make the statement the day after his arrest, in order to exonerate the woman who was with him in the apartment and who was taken into custody at the time of his arrest. They testified that he did not request counsel and that he was informed that he could use the telephone in the jail. One of the officers also stated that he warned Bean of his right to remain silent at the time of his arrest. Bean testified that he gave his statement under threats that the police would prosecute the woman with whom he was living, and that such prosecution would have a detrimental effect on her court action to recover custody of her children. He denied that he had been warned, or that he had been given an opportunity to consult with counsel, but he did not testify that he had requested counsel or that

his request had been refused. The trial court was the judge of the credibility of these witnesses, and there was ample evidence to sustain a determination that the statement was voluntary under the test enunciated in *Escobedo, supra,* as well as under the conventional tests dealing with force and duress in the giving of a statement.

Since we find the seized evidence and the defendant's statement were properly admitted against him at the trial, there is no need to discuss his allegation concerning the sufficiency of the evidence to support the jury's verdict.

The judgment is affirmed.