No. 22232.

SAMUEL ARTHUR *v.* THE PEOPLE OF THE STATE OF COLORADO.
(437 P.2d 41)

Decided February 5, 1968.

QUIGLEY, RHODES & WILDER, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY,

Deputy, JAMES F. PAMP, Assistant, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

THIS case had its beginning over eleven years ago when the district attorney of El Paso county, on September 11, 1956, filed an information against Arthur charging him with the crime of forcible rape. On September 20, 1956, Arthur entered a plea of guilty to the charge and the court sentenced him to the state penitentiary for a term of thirty years to life. On May 4, 1962, he filed a motion to set aside this judgment under Colo. R.Crim. P. 35 (b). The trial court denied the relief following an evidentiary hearing. On review by this court the action of the trial court was upheld. *Arthur v. People,* 155 Colo. 188, 393 P.2d 371. The Supreme Court of the United States summarily reversed the judgment in *Arthur v. Colorado,* 380 U.S. 250, without extended comment, citing *Gideon v. Wainwright,* 372 U.S. 335, and *Pickelsimer v. Wainwright,* 375 U.S. 2.

Pursuant to the direction of the United States Supreme Court, the guilty plea entered by Arthur in 1956 was set aside and a jury trial was had following entry of a new plea of not guilty. The jury returned a verdict of guilty and following denial of the motion for a new trial Arthur was re-sentenced to a term of thirty years to life with the proviso that he should have full credit for the time theretofore served following the entry of his former plea of guilty. This judgment was entered September 10, 1965.

As grounds for reversal counsel for Arthur present argument under captions which we summarize as follows:

1. That the delay of about eight and one-half years between the date of the offense and the date of trial

amounted to a denial of "current standards of due process."

2. That the trial court erred in permitting the prosecuting witness to testify concerning the identification of the defendant as her assailant immediately following the commission of the crime and at the hearing held just prior to imposition of the first sentence of thirty years to life.

3. That the oral confession made by Arthur following his arrest should not have been admitted for the reason that it was not voluntarily given, and for the further reason that he was not sufficiently advised of his right to counsel, and to remain silent.

4. That the trial court erred in giving two instructions to which Arthur's counsel objected, and in refusing to give four instructions tendered by him.

## QUESTIONS TO BE DETERMINED

First. *Under the circumstances disclosed by the record before us, was the defendant deprived of due process of law because of the lapse of time between the date of the offense and the date upon which his guilt was determined by the verdict of a jury?*

█ This question is answered in the negative. In essence, the argument of counsel for Arthur is that a delay of eight and one-half years between the commission of a criminal act and the date of trial operates as a matter of law to deny the accused due process of law, without regard to any of the facts or circumstances which caused the delay. In the instant case Arthur was tried with reasonable promptness following the mandate of the United States Supreme Court that his guilty plea be set aside.

█ There isn't the slightest showing that the defendant was deprived of any defense, or that any witness was unavailable because of the delay. The record discloses exactly the opposite. The defendant was in no manner prejudiced by delay. In *Beavers v. Haubert,*

198 U.S. 77, 87, 25 S. Ct. 573, 576, 49 L. Ed. 950, we find the following:

"* * * The right to a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. *It does not preclude the rights of public justice.*" (Emphasis added.)

The above language was quoted with approval in *Medina v. People,* 154 Colo. 4, 387 P.2d 733. See also *Williams v. United States,* 250 F.2d 19, and *State v. Hadley,* 249 S.W. 2d 857. In *Hadley,* a second trial was conducted twenty years after the alleged criminal act. The court there said, *inter alia,* at 862:

"* * * The offense of which he is now convicted is the identical offense with which he was charged in 1930; and at every moment of the period during which he was imprisoned under the first judgment, the courts were open to him for the redress which he obtained as soon as he invoked his remedy. * * *"

Second. *Did the trial court err in admitting evidence tending to prove that the defendant was identified by the victim of the rape shortly after the date of the crime, which identification was made at the courthouse in the presence of a judge and other persons?*

 This question is answered in the negative. Counsel for Arthur argue that the court erroneously allowed references to the judgment of guilt which was entered on his former guilty plea. There is nothing in the record tending to prove that he was ever adjudged guilty, or that he had entered a plea of guilty. The only testimony is that the prosecutrix had seen the defendant on three occasions prior to trial, namely, first at the time he assaulted and raped her; second, while he was in police custody; and third, at the courthouse where a judge and others were present. On each occasion she made a positive identification of the defendant as being the perpetrator of the crime. The court correctly admitted this evidence as bearing upon the credibility of her identification of Arthur at the trial.

Third. *Did the trial court err in admitting in evidence the statements made by the defendant to arresting officers immediately following his arrest which occurred within about two hours of the offense?*

 This question is answered in the negative. In this connection we direct attention to the fact that the case was tried after announcement of the United States Supreme Court in *Escobedo v. Illinois,* 378 U.S. 478, 84 S. Ct. 1758, 12 L.Ed.2d 977, but prior to the announcement by that court in *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694. The record shows that the trial court conducted a hearing outside the presence of the jury to determine whether the confession of Arthur was voluntarily made, and specifically found that all requirements of *Escobedo* were met. There was an abundance of evidence to support these findings and on this hearing there was nothing offered to prove the contrary.

The defendant Arthur did not become a witness in his own defense at any stage of the trial, and no witnesses were called on his behalf. No good purpose would be served in setting forth the details of the crime. Suffice it to say that Arthur, who was a soldier at Camp Carson, at about 3:00 o'clock in the afternoon gained entrance into the bedroom at the home of the victim who with her nine-month-old baby was alone in the house. He concealed himself in the closet and when she came into the room to quiet the child he forcibly raped her, inflicting injury to her person and tearing her clothing from her body, meanwhile threatening her with death and harm to the child if she did not stop screaming.

 We find no merit whatever to the argument that the defendant's confession was erroneously admitted. *Miranda v. Arizona, supra,* is not applicable to the instant case and under *Johnson v. New Jersey,* 384 U.S. 719, 86 S. Ct. 1772, 16 L.Ed.2d 882, the new rules

NO# blank

governing admissibility of confessions as outlined in *Miranda* are not retrospective in operation.

 We have examined the instructions given over objections, as well as those tendered and refused. It is sufficient to say that the jury was properly instructed upon the law applicable to the case. No error was committed by the trial court in the instructions given, or in refusing to give those tendered by defendant.

The judgment is affirmed.

MR. JUSTICE SUTTON, MR. JUSTICE DAY and MR. JUSTICE HODGES concur.