Mr. Chief Justice McWilliams
delivered the opinion of the Court.
Stanley R. Hooker, hereinafter referred to as the defendant, seeks review by writ of error of a criminal conviction suffered by him in 1950 in the Denver District Court. In our view the defendant failed to make timely application to this Court for issuance of the writ of error, and accordingly the writ must now be dismissed. A bit of chronology will demonstrate why.
On or about December 6, 1950 the defendant was sentenced by the Denver District Court to a term of from sixteen to twenty years in the state penitentiary upon his conviction on the charge of confidence game. Thereafter the defendant served the aforesaid sentence and was discharged from the state penitentiary.
The defendant was later convicted of a crime in the state of Kansas and in connection therewith was sentenced to a life term in the Kansas state penitentiary under the habitual criminal laws of that state. And one of the prior convictions relied upon for the sentencing of the defendant as an habitual criminal was the aforesaid conviction suffered by him in 1950 in the Denver District Court.
As concerns his conviction in the Denver District Court in 1950, the defendant apparently made no effort to obtain any sort of review of the same until August 10, *138 1968. On that date the defendant sought and obtained an order of the trial court that he be furnished free of charge the record (including the reporter’s transcript) of the trial which resulted in his conviction in the Denver District Court in 1950 on the confidence game charge. Then on January 22, 1969, the defendant filed in this Court a form of praecipe and designation of parties and thereby caused the issuance of the writ of error with which we are presently concerned. In connection therewith this Court also granted the defendant’s request that he be allowed to proceed as a poor person without the payment of court costs.
Thereafter the defendant sought and obtained several extensions of time within which to file the record on error in this Court, each time assigning as grounds therefor the fact that difficulty was being encountered in the preparation of the reporter’s transcript.
On July 23 the defendant filed here a petition for remand of the matter to the trial court so that the latter court could rule on a 35 (b) motion which in the meantime he had filed with the trial court. In the 35 (b) motion the defendant sought his “discharge from custody” because of the fact that it had become “abundantly obvious” that a copy of the reporter’s transcript could not be furnished him.
On August 1, 1969, this Court denied the defendant’s petition for remand, and thereafter on August 21, 1969 this Court denied the defendant’s petition for a rehearing of his petition for remand. In denying the petition for reconsideration this Court on its own motion directed counsel to file with this Court briefs addressed to the question as to why the writ of error should not be dismissed because of the failure of the defendant to obtain the writ in apt time. The public defender in behalf of the defendant, and the Attorney General in behalf of the People, have now filed briefs on this particular question and the issue awaits our determination.
In 1955 the General Assembly enacted a statute which *139 specifically authorized this Court to fix by rule the time within which a writ of error may issue in a criminal case. C.R.S. 1963, 39-7-26. Thereafter this Court adopted a so-called six months rule, effective July 1, 1956 which provided that a writ of error in a criminal case had to be brought within six months from the date of the judgment and sentence.
Prior to 1956, i.e., from 1929 to 1956, this Court had in effect a one year rule on the issuance of writs of error, which rule was apparently deemed applicable to judgments in both criminal and civil cases. This one year rule was apparently promulgated under the Court’s inherent rule making power without the benefit of any statute specifically authorizing the adoption of such a limiting rule. And then, as indicated, in 1955 the General Assembly did enact a specific statute on the point.
The defendant’s position is essentially this: (1) the one year rule ostensibly in effect as of the date of his conviction was ineffectual because it was in conflict with the then statutory provision that “Writs of error in all criminal cases not capital shall be considered as writs of rights, and issue of course. ...” (’35 C.S.A. Ch. 48, § 500); (2) that the six months rule adopted by this Court on July 1, 1965 applies only to judgments entered on or after that date; and (3) that inasmuch as the judgment which he seeks to reverse was entered prior to July 1, 1956, his right to review by writ of error is not subject to the six months time limitation provided for in the aforesaid rule and indeed is subject to no time limitation whatsoever.
In support of his position the defendant relies upon Johnson v. People, 140 Colo. 256, 344 P.2d 181 and Caviness v. People, 27 Colo. 283, 60 P. 565. We do not deem either case to be dispositive of the present controversy. In Caviness it was held that the statutory provision to the effect that writs of error in all cases are “writs of right and issue of course” gave to a defendant in a criminal case the absolute right to a writ of error. However, as indicated, the statute involved in Caviness was amended *140 in 1955 by the General Assembly so as to grant this Court the power to fix by rule the time within which a writ of error may issue in a criminal case.
As for the Johnson case, it is quite true that there is some dictum which supports the defendant’s position in this matter. However, the language relied upon by the defendant is dictum, and only that. Thus it is in no sense binding on us in the disposition of the present controversy.
 In our view the question posed by this writ of error is answered by the rule promulgated by this Court on June 28, 1956, to become effective on July 1, 1956, and to which reference has been made above. That rule “relating to practice and procedure in criminal cases,” reads in its entirety as follows:
“A writ of error in criminal cases shall not be brought after the expiration of six months from the rendition of the judgment and sentence complained of.”
It is to be noted that the rule regulates the issuance of a writ of error and there is nothing in the rule itself which would indicate that it only applies to judgments rendered on or after the effective date of the rule, namely, July 1, 1956, nor is there any so-called savings clause. Quite obviously as to judgments rendered on or after July 1, 1956, a writ of error must issue within six months from the date of judgment. And we now construe the rule to be that as to judgments entered before July 1, 1956, a writ of error had to be brought before January 1, 1957. Assuming without deciding that the one year rule purportedly in effect when the defendant was convicted in 1950 was actually an invalid exercise by us of the rule making power of the Court, and that the defendant as of the date of his conviction had a so-called “absolute right” to review by writ of error without limitation as to the time of issuance of the writ, such does not mean that this right could not thereafter be subjected to a reasonable and valid time limitation. And this was accomplished when on July 1, 1956 the Court, acting pursuant to a specific statute designed to clear up a possibly *141 debatable matter, promulgated the rule above referred to.
We do not perceive that the construction we have now given the rule operates in any unconstitutional manner on the defendant. Indeed, those who suffered conviction in criminal cases prior to July 1, 1956 are only being put on the same footing with respect to the right to review by writ of error as those who suffered conviction after July 1, 1956. If we interpreted our rule as meaning that one situated as this defendant lost for all time his right of review as of the date of the adoption of the rule, namely, July 1, 1956, then it might well be argued that the rule was being applied in an unconstitutional manner. But such is not our interpretation of the rule.
Nor do we regard the interpretation now being given our rule as being one which is inherently unjust or in any manner violative of the traditional concept of “fair play.” The defendant was convicted in 1950. He thereafter served the rather severe sentence imposed upon him. And it is not until some nineteen years after his conviction (and nearly 14 years after our adoption of the six months rule) that the defendant indicated for the first time that he desires review by writ of error of his conviction.
The writ of error is dismissed.