## No. 24811.

THE PEOPLE OF THE STATE OF COLORADO *v.* FRED ARTHUR MARTINEZ, ALSO KNOWN AS FREDDIE A. MARTINEZ ALSO KNOWN AS FRED A. MARTINEZ.
(475 P.2d 340)

Decided October 13, 1970.

18

· Carl Parlapiano, District Attorney, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, Randall D. · Jorgensen, Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

Mr. Justice Hodges delivered the opinion of the Court.

The defendant-appellant, by motion filed in the trial court, sought to suppress evidence found when he was arrested and the car in which he was riding was searched. Under C.A.R. 4.1, he seeks reversal of the trial court's ruling which denied his motion to suppress. He contends that the police did not have probable cause to arrest him and that any search incident to the arrest was therefore invalid. We do not agree and therefore affirm the trial court's ruling.

During the trial court hearing, Officer Crossno of the Pueblo Police Department testified that, while on duty at about 7:20 p.m., January 27, 1970, he received a phone call from an informant who reported that the defendant-appellant, Fred Martinez, was in possession of a stolen check. Officer Crossno stated that later the same evening he and Officer Koncilja, also of the Pueblo Police Department, met with the informant. At this meeting, the informant described the check in detail by naming the payee, the maker, and the amount of the check. He also related that the check had been endorsed; that it was in the defendant's possession; and that the defendant had showed him the check and told him of his difficulty in trying to cash it. The informant advised the police officers that the defendant could be found riding in a late model blue super-sport Chevrolet. He gave the officers the license number on this automobile, and also furnished a physical description of the defendant.

There was also testimony at the suppression hearing that Officer Koncilja did verify with the payee of the check, a Mr. J. W. Smith, that the check was missing and that Smith's wife was to have mailed it at the State Hospital. The defendant testified that he was an outpatient at the State Hospital and that he had been to the hospital on January 27, 1970.

Two other Pueblo police officers, acting on a stop and detain radio order, stopped a car answering the description given by the informant and Officers Crossno and Koncilja were summoned to the scene. Officer Valencia, one of the two officers who stopped the car, testified that as he was approaching the car, he saw the defendant take an envelope out of his pocket and put it in a small paper sack on the floor of the right front seat of the car. He relayed this information to Officer Koncilja who proceeded to arrest both the driver, a Mr. Ketchum, and the defendant.

Ketchum and the defendant were advised of their rights and Ketchum consented to a search of the car by Officer Koncilja. Upon the search of the car, Koncilja found the small paper sack and the check, described by the informant, in an envelope contained within the sack.

Officers Crossno and Koncilja both testified that on several occasions in the past, the informant had provided the Pueblo Police Department with similar information. Although no convictions had resulted from the previous information, the officers testified that the information had been found to be reliable.

The only issue in this appeal is whether Officer Koncilja had probable cause to arrest the defendant. If he did, then the search and seizure incident to the arrest was lawful and the trial court properly denied the motion to suppress the evidence.

▪▪▪ *Aguilar v. Texas*, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723, outlines a two-pronged test for determining probable cause for arrest based upon information received from a police informer as follows: First, the officer must know the underlying circumstances from which the informant concluded that a crime was being or had been committed by the accused; and second, there must be underlying circumstances from which the officer concluded that the information received was reliable. Probable cause deals with the probability that a crime has been or is being committed and

a belief beyond a reasonable doubt is not required. *Spinelli v. United States,* 393 U.S. 410, 419, 89 S.Ct. 584, 21 L.Ed.2d 637; *Falgout v. People,* 170 Colo. 32, 459 P.2d 572, 578.

In the present case, the informer was not just relying on suspicion or rumor. He stated with particularity the details of the check, such as, the amount, the payee, the maker, and the endorsement, and he stated that defendant had talked with him, showed him the check and told him of defendant's own attempt to cash it. These underlying circumstances were sufficient to lead a reasonable person to believe that a crime had been or was being committed. *Spinelli, supra.*

The second prong of the *Aguilar* test, the conclusion that the informant's information is reliable, is met by virtue of the following evidence: (1) the informant had previously given reliable information to the Pueblo Police Department; (2) Officer Koncilja verified that the check was missing by talking to Mr. Smith, the payee, before the defendant's arrest; (3) the defendant was riding in the same car described by the informant; (4) prior to his arrest, the defendant was seen by Officer Valencia putting an envelope in a small paper sack. When this evidence is considered as a whole, it was sufficient for Officer Koncilja to reasonably believe that the informant's information was reliable.

In our view, the requirements of *Aguilar* are fully met. We hold that the police officers had probable cause to arrest the defendant without a warrant. C.R.S. 1963, 39-2-20. Therefore, the search and seizure was valid as being incident to a lawful arrest.

Defendant also argues that the search of the car was outside the area over which he, as the arrestee, had immediate control and therefore, the evidence seized should be suppressed in accordance with *Chimel v. California,* 395 U.S. 752, 768, 89 S.Ct. 2034, 23 L.Ed.2d 685. We find no merit in this contention, especially in light of *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26

L.Ed.2d 419. *Chambers* distinguished between searching an automobile and searching a home. It upheld the search of an automobile and the seizure of evidence found therein even though the defendants were in police custody and the car was searched after being taken to the police station.

The defendant also argues that Ketchum, as a third party, could not give legal consent to a search of the defendant's property within Ketchum's car. We do not reach this question, since the search and seizure was incident to a lawful arrest.

Ruling affirmed.

MR. CHIEF JUSTICE McWILLIAMS not participating.