No. 24400.

Eugene Louis Smaldone, Jr. *v.* The People of the
State of Colorado.
(479 P.2d 973)

Decided January 18, 1971.

386

HINDRY & MEYER, CHARLES F. BREGA, for petitioner.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, EUGENE C. CAVALIERE, Assistant, for respondent.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

EUGENE LOUIS SMALDONE, JR. was convicted in Denver County Court of two gambling charges involving alleged violations of C.R.S. 1963, 40-10-8 and 40-10-9. Items of evidence introduced at the jury trial were obtained pursuant to a search warrant, which authorized a search of Smaldone's residence for gambling paraphernalia specified as sports schedules, betting slips, odds sheets,

betting tally sheets and other items used in recording and taking bets.

On appeal to the Superior Court, the convictions were affirmed. Smaldone petitioned this court for a writ of certiorari. We granted the petition mainly for the purpose of reviewing the record to ascertain if the claim of search warrant invalidity is sustainable. We find it is and that the county court should have suppressed the evidence on Smaldone's motion to suppress. We therefore reverse the judgment of the Superior Court.

The search warrant is fatally defective because it is based upon an affidavit which was wholly insufficient to support a finding of probable cause. The Colorado constitution states that no search warrant shall be issued without a showing of probable cause supported by oath or affirmation reduced to writing. The United States Constitution requires a clear showing of probable cause upon oath or affirmation. *Hernandez v. People,* 153 Colo. 316, 385 P.2d 996. Here, the affidavit supporting the search warrant set forth that a Denver police captain believed that there was certain property relating to bookmaking on the premises of 3314 West 37th Avenue, Denver, Colorado. It goes on to state that:

"The facts which give rise to this belief are as follows: I, Capt. John R. Hindes, Commander of the Intelligence Bureau of the Denver Police Dept. have reason to believe that illegal gambling (bookmaking) paraphernalia is located on the  premises at 3314 W. 37th Ave. This is the home of notorious Denver gambling figure Eugene "Checkers" Smaldone DPD #76794. I have received information from a previously reliable informant that Robert Woolverton DPD #39047 is actively engaged in illegal bookmaking activity, and has relayed these bets to 3314 W. 37th Ave. [for] ultimate compilation. I have information from a reliable source that verifies and lends credence to the belief that Woolverton has 'layed off' his action at 3314 [W.] 37th Ave."

In *People v. Martinez,* 173 Colo. 17, 475 P.2d 340, this

court considered at length the requirements for probable cause based upon hearsay under the rule of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637. We do not repeat that discussion here. Although *Spinelli* was decided after the date of trial in the instant case, we believe it is applicable because it served, by its own words, to further explain the principles of *Aguilar,* a 1964 decision.

▮ In *Spinelli,* the United States Supreme Court emphasized that no weight may be given to the assertion that the address in the affidavit is that of a "notorious Denver gambling figure." It is also to be noted that the Eugene "Checkers" Smaldone mentioned in this affidavit is not the petitioner here, but his father.

*Spinelli* states:

"Finally, the allegation that Spinelli was 'known' to the affiant and to other federal and local law enforcement officers as a gambler and an associate of gamblers is but a bald and unilluminating assertion of suspicion that is *entitled to no weight* in appraising the magistrate's decision." (Emphasis added.)

The assertion that an informer gave information that "Robert Woolverton has relayed bets to 3314 W. 37th Ave." completely fails to provide the underlying circumstances from which the informant drew this conclusion, the first part of the two-pronged *Aguilar* test. The assertion that a "reliable source verifies that Woolverton has 'layed off' his action at 3314 W. 37th Ave." is completely deficient because it does not provide any further content from which a judge could determine that probable cause exists. It also fails to provide any underlying circumstances indicative of the credibility of the "reliable source" and the basis for his conclusions, which is the second requirement of *Aguilar.*

The affidavit in support of this search warrant is totally deficient. The search warrant is therefore rendered invalid and all evidence secured thereby should

have been suppressed on the petitioner's motion in the Denver County Court. In reaching this conclusion, we are not unmindful of our holding in *Bean v. People,* 164 Colo. 593, 436 P.2d 678, wherein a somewhat similar affidavit in support of a search warrant for narcotics was upheld. We find, however, there are sufficient distinguishing characteristics in the affidavit in *Bean* to make its holding inapplicable here.

■ Petitioner also argues that he was charged by an information and that since the document was not signed by the district attorney and was not accompanied by an affidavit based upon personal knowledge, it was defective. We find that the document is a criminal complaint and that petitioner was properly charged by the complaint. The then existing "Rules of Criminal Procedure in County Courts" and 1965 Perm. Supp., C.R.S. 1963, 37-17-1 *et seq.,* provide for the prosecution of a misdemeanor by a complaint filed by a peace officer. C.R.S. 1963, 40-10-11, insofar as it provides that offenses for violation of C.R.S. 40-10-7 through 10 (misdemeanors) shall be prosecuted only by indictment or information, is superseded by C.R.S. 1963, 37-17-1 *et seq.*

■ Petitioner further complains that since certain types of gambling are allowed pursuant to C.R.S. 1963, 129-3-1 *et seq.,* he is denied equal protection of the law. C.R.S. 1963, 129-3-1 *et seq.,* permits certain organizations, *e.g.,* religious and charitable, to obtain a license under specified conditions for conducting bingo games and raffles. C.R.S. 40-10-8 and 9, under which petitioner was convicted, apply equally to all persons and no classifications or distinctions are made in those statutes. Petitioner was therefore not denied equal protection under C.R.S. 1963, 40-10-8 and 9 nor has he standing to complain about C.R.S. 1963, 129-3-1, *et seq.,* since he is in no way affected by the later statute. *McKinley v. Dunn,* 141 Colo. 487, 349 P.2d 139; *In Re Dist. 50 v. Furbush,* 166 Colo. 63, 441 P.2d 645.

The judgment is reversed and this cause is remanded for a new trial.

MR. CHIEF JUSTICE PRINGLE not participating.