## No. 23866.

### Lloyd Louis Valdez v. The People of the State of Colorado.
(483 P.2d 1333)

Decided April 12, 1971.

Edward H. Sherman, Public Defender, Robert T. Burns, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Robert L. Hoecker, Assistant, for defendant in error.

*In Department.*

Opinion by Jack F. Seavy, District Judge.*

This writ of error was sued out by the plaintiff in error (herein referred to as the defendant) from an order of the trial court denying his motion under Rule 35(b), Colorado Rules of Criminal Procedure, without an evidentiary hearing. We affirm the ruling of the lower court.

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.

The record discloses the following chronology:

July 15, 1955 — An Information was filed in which defendant was charged with burglary and being an habitual criminal.

August 2, 1955 — Defendant entered pleas of not guilty and not guilty by reason of insanity, and the matter was continued to September 13, 1955, to await the results of the sanity examination.

April 29, 1958 — An order (reciting that it was on defendant's motion) was entered vacating a sentence that had been imposed on October 16, 1956, and defendant was sentenced to a term of 7 to 10 years in the penitentiary, nunc pro tunc as of October 16, 1956.

June, 25, 1959 — Defendant filed a petition requesting credit for time served in the county jail prior to trial, and an order was entered "nunc pro tunc as of April 29, 1959," granting defendant a credit on his sentence of 13 months and 9 days. (The mittimus issued the same date recites the correct date of April 29, 1958.

December 4, 1967 — Defendant filed his 35(b) motion in which he requested that his conviction (apparently some eleven years previous) be set aside on the ground that the trial court did not have jurisdiction to try him because he was not tried within two terms of court.

May 21, 1968 — The court denied defendant's motion without a hearing.

The record contains no indication as to when the trial was held, except for defendant's motion which alleges that the trial commenced on September 25, 1956. Assuming this assertion is accurate, it is apparent that the trial was held more than two terms after filing the information.

■■■ Defendant's motion is bottomed on C.R.S. 1963, 39-7-12 (its predecessor being virtually identical for purposes of this case), with but passing reference to the constitution, either state or federal. In his brief, defendant relies primarily on the constitution. Both the Colorado and United States Constitutions guarantee an

accused a right to a speedy trial in essentially the same language. The Sixth Amendment right set forth in the United States Constitution was made applicable to state trials by *Klopfer v. North Carolina,* 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1, and defendant relies heavily on this holding. *Klopfer* is questionable authority as support for defendant's contentions because of the significant difference in the factual situation, as is readily apparent from the first few lines of the opinion which read: "The question involved in this case is whether a State may *indefinitely* postpone prosecution on an indictment without stated justification over the objection of an accused who has been discharged from custody." (Emphasis added.)

We do not quarrel with the general statement from *Klopfer,* quoted in defendant's brief, that the right to a speedy trial is a "basic constitutional right," no matter by which constitution such right is guaranteed. But, the right to a speedy trial is necessarily a relative concept. *Maes v. People,* 169 Colo. 200, 454 P.2d 792; *Arthur v. People,* 165 Colo. 63, 437 P.2d 41. The constitutional provision is a guarantee only against arbitrary and oppressive delays, *Jordan v. People,* 155 Colo. 224, 393 P.2d 745. The constitutional guarantee can be waived by failure to make objection to the delay at the time of trial. *Keller v. People,* 153 Colo. 590, 387 P.2d 421; *Keller v. Tinsley,* 335 F.2d 144, *cert. denied* 379 U.S. 938, 85 S.Ct. 342, 13 L.Ed.2d 348.

The record does not disclose any objection made by defendant at the time of trial. Further, defendant's motion does not set forth any facts showing that the delay was in any manner oppressive or arbitrary, nor that he was in any way deprived of any defense or that any witness was unavailable. *Falgout v. Trujillo,* D.C., 270 F.Supp. 685, aff'd 10 Cir., 380 F.2d 376, cert. denied 389 U.S. 1010, 88 S.Ct. 575, 19 L.Ed.2d 609. Under such circumstances, the court was not required to hold an

evidentiary hearing. *Hooker v. People,* 171 Colo. 136, 465 P.2d 130.

■ What has been said concerning waiver of the constitutional right to a speedy trial applies also to the right to a trial within two terms of court as provided by C.R.S. 1963, 39-7-12. This court has consistently held that the statutory right to trial within two terms can be waived, and is waived by failure to make objection at the trial, *Keller v. People, supra, Adargo v. People,* 159 Colo. 321, 411 P.2d 245. We repeat that the record is silent as to any objection, and absent such a showing, the protection of the statute is waived. Had objection been made and overruled, the matter could have been reviewed by timely writ of error.

The order of the trial court denying defendant's 35(b) motion without hearing is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE GROVES, and DISTRICT JUDGE ALBERT J. TOMSIC* concur.

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.