No. 25107.

THE PEOPLE OF THE STATE OF COLORADO *v.* ROLLINS C.
SNELLING, JR. AND JAMES J. WHITE.
(484 P.2d 784)

Decided May 3, 1971.

David L. Wood, District Attorney, Loren B. Schall, Deputy, for plaintiff-appellant.

Leonard E. Davies, John O. Walker, for defendants-appellees.

*En Banc.*

Mr. Justice Hodges delivered the opinion of the Court.

The trial court, after a hearing, granted defendants' motion to suppress evidence obtained by the police pursuant to a warrantless search of a van in which defendants Snelling and White were occupants. On behalf of the People, it is contended that probable cause existed for the warrantless arrests of the defendants, and that the search of the van was therefore valid as being incident to lawful arrests. We agree and therefore reverse the ruling of the trial court.

On June 24, 1970, a confidential informant gave the following information to Detective Robert Lambert of the narcotics division of the Fort Collins Police Department: (1) a white and red van had previously delivered narcotics to 1610 Peterson Place in Fort Collins; (2) the

van was to deliver more narcotics on June 25, 1970 and that marijuana was to be broken down into saleable packages at that time; (3) the informant learned this information by direct conversation with Craig Ferris who lived at 1610 Peterson Place; (4) the van in question was red and white with flowered curtains in the side windows and Mr. Snelling, whom the informant had met, would be one of the occupants of the van on June 25th; (5) Mr. Snelling's description; (6) Mr. Snelling had "come and gone" when the informant had his conversation with Craig Ferris and Ferris told the informant that "[Snelling] had come and gone with narcotics and what have you."

Detective Lambert stated that the informant was personally known to him over the past three years, that he had not before been an informant in a criminal case, that Lambert had contact with the informant two or three times per week in connection with police work, and that the informant was a "plain citizen" with no criminal record to Lambert's knowledge.

On June 25, 1970, at about 6:00 P.M., Detective Lambert and other police officers, acting on the informer's tip, began surveillance of 1610 Peterson Place. At about 8:00 P.M., while still daylight (because of Daylight Savings time), a red and white van with flowered curtains in the windows arrived at the address and two male occupants, one answering the description of defendant Snelling, got out of the van. An undercover man, Officer Bates, was in the immediate proximity of 1610 Peterson Place and was in radio communication with Detective Lambert, whose unmarked car was stationed some 35 feet down the street from the above address. From Officer Bates' radio contacts Detective Lambert learned that defendant Snelling carried into the house a package covered by a cloth shirt and about the size used to carry a "kilo" of marijuana.

Later in the evening, undercover policeman Bates, by radio contact, informed Detective Lambert that since

the surveillance commenced, he had had the opportunity to play "frisbee" with Ferris on the lawn in front of the house at 1610 Peterson Place and that at one point, Ferris asked Bates to smell his (Ferris') hands. Bates did and Ferris hands appeared to him to have the smell of marijuana.

Finally, about 11:30 P.M., defendants Snelling and White, Craig Ferris and a girl friend helped load grocery-size bags into the van. Officer Miller, who lived across the street, and who was also in radio communication with Dective Lambert, came to Lambert's car and told him that small packages and plastic bags were being loaded into the van. Officer Bates radioed to Lambert, "They are holding. Arrest them when they leave the premises." Thereupon, the van departed. After traveling several blocks, it was stopped, defendant occupants were arrested, and a search of the van pursuant to the arrest turned up three kilos of marijuana, another 24-ounces of marijuana in plastic bags and a revolver. The marijuana seized is the evidence which defendants sought to suppress in their motion.

Parenthetically, we note that this court earlier affirmed a denial of a motion to suppress evidence seized upon a search of 1610 Peterson Place, Fort Collins, based upon a search warrant. *People v. Ferris,* 173 Colo. 494, 480 P.2d 552. The facts in *Ferris* are related to the events in the instant case.

This court has had many occasions to expound upon the subject of probable cause and the requirements for establishing it. Among our most recent opinions involving probable cause based upon hearsay *see People v. Navran,* 174 Colo. 222, 483 P.2d 228; *People v. Brethauer,* 174 Colo. 29, 482 P.2d 369; *Smaldone v. People,* 173 Colo. 385, 479 P.2d 973; and *People v. Martinez,* 173 Colo. 17, 475 P.2d 340. Further explanation here of the basic principles relating to what constitutes probable cause, as elicited in these cases, would only be repetitious. How-

ever, we do discuss probable cause as related to police surveillance activities, the issue postured in this case.

█ In our view, the trial court erred in the instant case in ruling that "[Detective Lambert] didn't have probable cause from his information [ (the informant)] to start the surveillance." The surveillance initiated by Detective Lambert involved no *search* and no *seizure* in the constitutional sense of the words *search* and *seizure*. Defendants' rights were not subject to the possibility of infringement until their van was stopped and they were arrested. Therefore, probable cause under these circumstances may and must be based upon all of the circumstances and information available to police up to the point that the van was stopped and defendants were arrested. *See Henry v. United States,* 361 U.S. 98, 103, 80 S.Ct. 168, 4 L.Ed.2d 134.

This situation is completely distinguishable from that in *Navran, supra.* There, a residence had been under police surveillance for more than a week and police had been advised that on a particular evening, a large quantity of marijuana would be delivered to the residence. A car pulled into the driveway and police stopped the car and searched the occupants, realizing that neither of the occupants was the occupant of the residence or any other person known to be a subject of the investigation. We affirmed the ruling granting the motion to suppress on the basis that the *officers relied solely on the fact* that an expected shipment of marijuana was somehow to be delivered. Their surveillance did not relate in any way to the defendants therein who were searched. In the instant case, the police had information as to who was going to make the delivery and how it was to be made, and *this information was corroborated by the police surveillance activities.*

██ Probable cause may be based in whole or in part upon hearsay so long as the hearsay is determined to be reliable. *See Jones v. United States,* 362 U.S. 257, 269, 80 S.Ct. 725, 4 L.Ed.2d 697; *Aguilar v. Texas,* 378

U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. The reliability of the hearsay may be adduced by police investigation, police surveillance or other investigative techniques. *See Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; *People v. Martinez, supra; People v. Mac-Donald,* 173 Colo. 470, 480 P.2d 555.

█ So long as this investigation and surveillance activity does not constitute an invasion of privacy constituting an infringement upon constitutional rights, then no probable cause requirement need be met to initiate and carry out the investigation and surveillance activities. *See Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576.

In the instant case, the informant's information was sufficiently corroborated to render it reliable, *e.g.,* the van, the time and date of arrival, the description of the van and of defendant Snelling, the address and the presence of Craig Ferris. *See Draper v. United States, supra; People v. Martinez, supra.*

█ The circumstances underlying this information were that Craig Ferris, a participant in the transactions, personally spoke to the informant and told him of the marijuana delivery on the 25th of June. Additionally, there were other items of information which the police gained from their surveillance activities, to wit: the size of the package carried into the house; the smell of marijuana on Craig Ferris' hand; and the loading of small packages and plastic bags into the van. Upon the totality of these circumstances and the substance of the informant's tip, we hold that there was probable cause to make the arrests and that the search incident to these arrests was constitutionally valid.

We find no merit in defendants other contentions and therefore decline to extend this opinion by a discussion of them.

Ruling reversed.

MR. JUSTICE LEE not participating.