MR. JUSTICE LEE
delivered the opinion of the Court.
In separate trials appellant, Joel K. Whitman, was convicted of first-degree murder and of robbery. He was sentenced to serve concurrent terms in the state penitentiary. Motions for new trials were denied and this Court affirmed both convictions on writ of error. Whitman v. People, 161 Colo. 110, 420 P.2d 416; Whitman v. People, 161 Colo. 117, 420 P.2d 244.
Thereafter, Whitman filed a motion under Colo. R. Crim. P. 35(b) with the Denver district court, alleging certain violations of his constitutional rights during the course of both of his trials. The motion was denied without a hearing being granted. Whitman appealed from the trial court’s decision and, in Whitman v. People, 170 Colo. 189, 460 P.2d 767, we reversed, holding that an evidentiary hearing should have been given on the question of the voluntariness of certain statements made by Whitman, used against him at his trial. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.
The trial court pursuant to this decision conducted an evidentiary hearing on Whitman’s 35(b) motion. The court found and concluded that the incriminating statements were voluntarily given by Whitman and were properly admitted into evidence against him at his trials. Whitman brings this third appeal, contending that the court erred in its determination of voluntariness and erred in failing to hold that he was denied his constitutional right to counsel at the time the incriminating statements were made. The court’s findings of *8 fact and conclusions of law are adequately supported by the record and we therefore affirm the judgment.
I.
We do not find it necessary to detail the facts of the robbery and the resulting homicide. They are set forth fully in Whitman v. People, 161 Colo. 110, 420 P.2d 416. For the purposes of this appeal, it is sufficient to note that the incriminating statements were given by Whitman while he was in Denver General Hospital where he was confined for treatment of injuries suffered as a result of the violent automobile collision which occurred as he and his confederate fled the scene of the robbery. The trial court at the conclusion of the 35(b) hearing entered extensive findings of fact from which it concluded as follows:
“The Court concludes that the statements made by the defendant to Detective Lopez and Detective Brannan were made freely and voluntarily. The defendant was hospitalized, was being treated for his injuries, and was receiving medications. He was not extensively interrogated, nor did the police officers disregard his need for care and treatment. The defendant was not threatened, coerced, or mistreated before or during his conversations with these officers, and had the presence of mind to give false accounts of what had happened in an effort to extricate himself from his problems. Mr. Whitman was also able to converse with a Deputy Sheriff on duty at the hospital at the time.
“The written and signed statement taken by Detective Berry was also freely and voluntarily given. Whitman signed this statement without being induced or coerced, and acknowledged his signature on the statement. He was advised it could be used in court.
“Mr. Whitman’s condition, his confinement at the hospital, and his care and treatment there did not render the statements he made involuntary and therefore inadmissible.”
The robbery and homicide in this case, and the police investigation, the giving of the incriminating statements, and the filing of charges all occurred before the decision in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 *9 L.Ed.2d 977. The trials, however, were held after Escobedo, but before Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974.
As we analyze the record of the 35(b) hearing, it is apparent from the trial court’s extensive detailed findings that in making its determination of voluntariness the court adhered to the applicable preMiranda test of the “totality of circumstances.” Young v. People, 175 Colo. 461, 488 P.2d 567. As noted before, the findings and conclusions of the court are amply supported by competent evidence and will not therefore be disturbed by this Court on review.
II.
Whitman additionally contends he is entitled to reversal because he was unconstitutionally “* * * refused counsel although he had requested to see a lawyer and this was true throughout the period of questioning.” This contention is premised on Escobedo v. Illinois, supra. In Lucero v. People, 171 Colo. 167, 465 P.2d 504, we said:
“In Andrews v. People, 161 Colo. 516, 423 P.2d 322, we held that ‘Escobedo is limited, insofar as this state is concerned, to the fact situation appearing in that case.’ Also, see Bean v. People, 164 Colo. 593, 436 P.2d 678.
“A review of the circumstances leading to the oral and written confessions shows many similarities to Escobedo. One element — and an important one — in Escobedo which is not present here is that defendant had not requested and been denied an opportunity to consult with his lawyer.
“The trial court here, as in Arthur v. People, 165 Colo. 63, 437 P.2d 41, conducted a hearing outside the presence of the jury to determine whether the confessions of the defendant, both oral and written, were voluntarily made. The court specifically found that they were voluntary and that the application of Escobedo was not fatal to the admission of the statements, because of the absence of the one element noted above.”
In Bean v. People, 164 Colo. 593, 436 P.2d 678, in discussing this problem, the Court stated:
“It is clear that before a statement from a particular suspect *10 in custody is excluded from evidence by reason of Escobedo, there must be (1) interrogation by police, (2) a denial of the accused’s request to consult with counsel, and (3) a failure to warn. * * *”
The record here does not support Whitman’s contention that there was a continuing refusal to obtain counsel for him throughout the questioning by the police. The record is devoid of evidence that Whitman ever made a request for counsel of the investigating or interrogating police officers, or of any police officer whatsoever. Whitman did not so testify. There was evidence of a discussion with a deputy sheriff assigned to general guard duty at the hospital, concerning how and where Whitman could contact an attorney. The deputy advised him that he was not allowed to recommend or contact attorneys, but that Whitman could obtain help in this regard, possibly through a visiting social worker, priest, or chaplain, or maybe from a nursing attendant. This is a far cry from the Escobedo denial of the Sixth Amendment right to counsel.
In Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684, where there was a post -Escobedo, pre-Miranda situation, defendant was being interrogated at police headquarters. The Court described the interrogation as follows:
“* * * [Petitioner began to spill out his story. Shortly after he began he again showed signs of reluctance and said, T think I had better get a lawyer before I talk any more. I am going to get into trouble more than I am in now.’ The officer replied simply, ‘You can’t be in any more trouble than you are in now,’ and the questioning session proceeded. A full confession was obtained and, after further warnings, a written version was signed.
* * *
“We do not believe that Escobedo covers this case. Petitioner’s statement about seeing an attorney was neither as clear nor as unambiguous as the request Escobedo made. The police in Escobedo were unmistakably informed of their suspect’s wishes; in fact Escobedo’s attorney was present and repeatedly requested permission to see his client. Here, on *11 the other hand, it is possible that the questioning officer took petitioner’s remark not as a request that the interrogation cease but merely as a passing comment. Petitioner did not pursue the matter, but continued answering questions. In this context, we cannot find the denial of the right to counsel which was found so crucial in Escobedo. ”
In the context of the circumstances surrounding the questioning of Whitman in the present case, we do not find a denial of his Sixth Amendment right to counsel. See also, Connors v. State of South Dakota, 422 F.2d 122 (8th Cir. 1970).
Judgment affirmed.
MR. JUSTICE ERICKSON dissents.