HARLAN C. STIENTJES, P.C.,
Plaintiff–Appellant,

v.

OLDE–CUMBERLIN AUCTIONEERS,
INC., Defendant–Appellee.

No. 86CA0558.

Colorado Court of Appeals,
Div. IV.

April 7, 1988.

West & Winters, William L. West, Greeley, for plaintiff-appellant.

Allen J. Kincaid & Associates, W. Edward Pabst, Brush, for defendant-appellee.

METZGER, Judge.

In this action to recover attorney fees, the plaintiff, Harlan Stientjes, appeals the judgment, entered after trial to the court, in favor of defendant, Olde–Cumberlin Auctioneers, Inc. Plaintiff contends that the trial court erred in finding that no contract for the payment of fees existed between plaintiff and defendant. Defendant asserts that this court lacks jurisdiction because plaintiff's notice of appeal was not filed timely. We reject both contentions and affirm the judgment.

The trial court entered its judgment in favor of defendant on May 25, 1983. Plaintiff filed his motion to alter or amend the judgment on June 8, 1983, within the time prescribed by C.R.C.P. 59(e). While the motion to alter or amend was pending, C.R.C.P. 59 was amended, effective January 1, 1985, by the addition of subsection (j), which provides:

"The court shall determine any post-trial motion within 60 days of the date of the filing of the motion.... Any post-trial

motion which has not been decided within the 60–day determination period shall, without further action by the court, be deemed denied for all purposes including Rule 4(a) of the Colorado Appellate Rules and time for appeal shall commence as of that date."

The trial court entered an order denying the motion on March 21, 1986, and plaintiff filed his notice of appeal within 45 days thereafter.

 Defendant argues that C.R.C.P. 59(j) applies and that plaintiff's appeal should be denied as untimely. We do not agree.

At the time plaintiff filed his motion to alter or amend the judgment, the time for appeal did not commence until the trial court entered its ruling. *Wright Farms, Inc. v. Weninger,* 669 P.2d 1054 (Colo.App. 1983). We perceive no rationale for applying C.R.C.P. 59(j) retroactively, as defendant would have us do here. Indeed, to construe our rule as defendant contends would deprive plaintiff of his substantive right to appellate review. *See Hooker v. People,* 171 Colo. 136, 465 P.2d 130 (1970); *Kardoley v. Colorado State Personnel Board,* 742 P.2d 934 (Colo.App.1987).

■ Further, consistent with the provisions of C.R.C.P. 1(b), we decline to construe C.R.C.P. 59(j) in a manner that would constitute an injustice. Therefore, we hold that C.R.C.P. 59(j) applies to all motions filed on or after its effective date of January 1, 1985, and not to those which were pending on that date. *See* C.A.R. 1. Consequently, we conclude that we have jurisdiction here.

Plaintiff contends, in essence, that the trial court erred in finding that no contract existed which would obligate the defendant to pay attorney fees to plaintiff. We do not agree.

■ When the existence of a contract is in issue and the evidence is conflicting or admits of more than one inference, it is for the trier of fact to determine the issue. *I.M.A., Inc. v. Rocky Mountain Airways, Inc.,* 713 P.2d 882 (Colo.1986). The sufficiency, probative effect, weight of the evidence, and the inferences and conclusions to be drawn therefrom, will not be disturbed on appeal unless they are so clearly erroneous as to find no support in the record. *Carlson v. Garrison,* 689 P.2d 735 (Colo.App.1984).

The record here amply provides the requisite support for the trial court's determination.

We do not find that this appeal is frivolous and, thus, deny defendant's request for attorney fees pursuant to C.A.R. 38.

Judgment affirmed.

TURSI and BABCOCK, JJ., concur.