No. 22530.

Michael Jeffrey Smith *v.* The People of the State of Colorado.
(445 P.2d 67)

Decided September 16, 1958.

Leland S. Huttner, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Paul D. Rubner, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Chief Justice Moore.

Plaintiff in error, hereinafter referred to as Smith,

was convicted of the crime of unlawfully and feloniously having in his possession a narcotic drug, namely, heroin. He was sentenced to a term of not less than three nor more than eight years in the state penitentiary.

In his motion for a new trial he asserted three grounds, to wit:

"1. The Court's denial of defendant's motion to suppress evidence was error.

"2. The Court's admission into evidence of Exhibits A-3, A-4, A-5, A-6, A-7, A-8 and A-11 was error because the chain of evidence had not been established and no sufficient foundation was laid for their admission.

"3. The Court's permission for Captain Moomaw to give an opinion as to the chemical content of certain of the above mentioned exhibits was error since no sufficient foundation was laid for such an opinion to be given."

 There is no merit in points numbered 2 and 3. It is sufficient to say that there is no missing link in the "chain of evidence" identifying the exhibits as being those items taken into possession by the police at the time of Smith's arrest. Captain Moomaw was qualified by the evidence to give an expert opinion, and in all other essentials an adequate "foundation" was laid for his opinion.

Counsel for Smith filed a motion for suppression of evidence allegedly illegally seized at the time of Smith's arrest. The motion was denied. The record does not disclose what evidence was offered in support of the motion to suppress. Accordingly, we assume that the trial court denied the motion for the reason that under the factual situation which was developed at the trial to a jury, no illegal search or seizure of tangible evidence was involved.

█ Smith was placed under arrest when he arrived at the Denver airport as he deplaned from a flight from Los Angeles, California. The two officers assigned to the task of taking him into custody were acting at the request of the Parole Board of Colorado who wanted

Smith for a violation of the terms of a previously granted parole. The arresting officers saw Smith leave the airplane carrying a suitcase and a small brown shaving kit. When they notified him that he was under arrest he threw the shaving kit and it bounced off the ceiling of the enclosed area near the gate through which he entered, and landed about twelve feet from the spot where he threw it. He tried to break away but was subdued. A bystander picked up the shaving kit and handed it to the officers. It contained a number of packs containing heroin. The officers took the shaving kit and contents to police headquarters where the kit was examined and the heroin was discovered and taken to the technician for analysis. No search warrant was issued authorizing examination of the contents of the shaving kit. Under the foregoing circumstances the question for decision is whether the conduct of the arresting officers in examining the contents of the shaving kit amounted to an unreasonable search and seizure. The question is answered in the negative.

■ It may be fairly said that the defendant abandoned the brown bag that he discarded and so has lost his standing to object to a search of the contents of the bag. *Abel v. United States*, 362 U.S. 217, 80 S. Ct. 683, 4 L. Ed.2d 668; *Trujillo v. United States*, 294 F.2d 583, (10th Cir.); *Haerr v. United States*, 240 F.2d 533, (5th Cir.); *Lee v. United States*, 221 F.2d 29, (D.C. Cir.). When all dominion and control over the bag was surrendered by this act of the defendant his capacity to object to search and seizure was at an end. See also, *Garcia v. People*, 160 Colo. 220, 416 P.2d 373.

■■ On the way to the police station Smith asked the police officers, "Who snitched on me?". This statement was shown in evidence and it is argued that it should not have been admitted because there was no showing that Smith was given any warnings as required by *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed.2d 694. That decision does not operate

retrospectively and the instant action was tried before that decision was announced. The statement objected to was a spontaneous remark of Smith's and was not elicited by any questioning by police. There was no error in receiving the statement in evidence.

The judgment is affirmed.

MR. JUSTICE MCWILLIAMS, MR. JUSTICE HODGES and MR. JUSTICE GROVES concur.