No. 23165.

Michael Martinez *v.* The People of the State of Colorado.

*(456 P.2d 275)*

Decided June 30, 1969.

Frederick M. Kal, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, PAUL D. RUBNER, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

ON the charge of narcotics possession (C.R.S. 1963, 48-5-2), defendant Michael Martinez was found guilty by a jury and sentenced to the State Reformatory. From this judgment, the defendant brings this writ of error urging reversal on several grounds; however, only one of these grounds has sufficient merit to justify consideration. This one assignment of error questions the propriety of admitting into evidence two capsules containing heroin. The defendant contends that this evidence was obtained by the police as the result of an unlawful search and seizure. A brief resume of the facts is necessary for an understanding of this issue.

Late on a February evening, the defendant was the lone passenger in an automobile driven by one Anaya. This car was proceeding northbound at a very slow pace on Santa Fe Drive in Denver, in an area described as a high crime rate locality. At the same time and place, police officers in a police cruiser were patrolling and proceeding in a southbound direction. One of the officers recognized passenger Martinez. This officer had a picture of Martinez in his possession. The police flashed a light at the slow moving car which then made a right turn onto an intersecting street. The police vehicle stopped, backed, and turned left. Driver Anaya stopped his vehicle and the police cruiser pulled to the left rear of the stopped vehicle.

Officer Rennick who was operating the police car and had recognized the defendant Martinez, stated that he wanted to determine whether the operator of the car had' a current operator's license. He approached driver

Anaya and asked to see his license. While the driver's license was being produced by Anaya, Officer Rennick looked into the car and saw defendant Martinez apparently gagging on something. He quickly went around to the passenger side of the car where the defendant was in the process of exiting and saw a white object either thrown or spit into a vacant lot. The officer immediately retrieved this object. Upon examination, he found two capsules wrapped in a moist piece of tissue. The capsules contained a white powdery substance. Suspecting the contents to be heroin, Officer Rennick arrested both the defendant and driver Anaya. A search of the vehicle and the persons was then made and revealed nothing, and no statements were taken by the police. Chemical analysis of the contents of the capsules revealed heroin.

■ The defendant urges that these circumstances under which the police obtained possession of the two capsules containing heroin amount to an unlawful search and seizure and that the trial court should, therefore, have suppressed this evidence. As we analyze the defendant's contentions, it is apparent that the defendant claims that these circumstances set up a situation which does not involve a search and seizure in the usual manner but which, nevertheless, does constitute some kind of a constructive search and seizure. Defendant places the force of his argument on the proposition that the police had no probable cause to check Anaya's driver's license, since he had committed no traffic violation and that, he speculates, the checking of Anaya's driver's identification was only a subterfuge to detain the driver and defendant for the purpose of an exploratory or fishing expedition. The defendant then postulates that because of this he became so apprehensive that he ejected the evidence from his possession. Under the facts here, we do not agree with the defendant's reasoning and we hold that this evidence did not come into the possession of the police as a result of any illegal conduct on their part.

■ In the first place, Anaya stopped the vehicle at

the curb without any command or signal from the police. This is clear from the record. The fact that the police probably would have directed Anaya to stop had he proceeded is of no consequence. In our view, the suspicious movements of the vehicle and the nature of the locality justified the police in stopping the vehicle to make an identification inquiry. In this regard, see C.R.S. 1963, 13-4-13 which requires an operator of a motor vehicle to display his operator's license upon demand by a police officer.

The defendant unquestionably lost his composure when the police appeared. Apparently, he unsuccessfully attempted to either swallow the capsules or to hold them in his mouth. Having difficulty in doing either, he then ejected them from his person and from the car. The police officer saw this and picked up the ejected evidence. Upon viewing the contents of the capsules, the officers then arrested the defendant and Anaya. Anaya was also charged and tried but the case against him was dismissed on motion of the district attorney at the conclusion of the People's evidence.

The several cases cited by the defendant to support his position are clearly distinguishable on the facts; and furthermore, they do not contain any rule of exclusion which would apply to the circumstances which transpired here.

When the defendant under these circumstances expelled the incriminating evidence from his person, and from the vehicle, in which he was riding as a passenger, and it lit on a vacant lot, his dominion over and control of the evidence ended. Therefore, the act of the police officer in picking it up from the ground does not come within the realm of a search and seizure. The incriminating evidence as far as the defendant was concerned was abandoned contraband. *Smith v. People,* 167 Colo. 19, 445 P.2d 67.

When Officer Rennick took possession of the evidence, it was lying on the ground in plain view. It

has repeatedly been held that police officers are not required to close their eyes to evidence lying in plain view, and it is not considered a search to observe and take possession of that which is open and patent. *Alire v. People*, 157 Colo. 103, 402 P.2d 610. See also our most recent pronouncement regarding challenged evidence which was open to view. *Marquez v. People*, 168 Colo. 219, 450 P.2d 349.

We hold that the securing by the police of the incriminating evidence here was not the result of any search and that its seizure from the ground, outside the car, and away from the person of the defendant was not tainted with an unlawfulness. At the time and place of its seizure, the white object containing the two capsules of heroin was in plain view and had the character of abandoned contraband. The police had a lawful right to seize it and the trial court properly refused to exclude it as evidence. *Garcia v. People*, 160 Colo. 220, 416 P.2d 373.

Judgment affirmed.

Mr. Chief Justice McWilliams and Mr. Justice Pringle concur.