No. 23212.

Earlie Johnson *v.* The People of the State of Colorado.
(465 P.2d 128)

Decided February 16, 1970.

Edward H. Sherman, Public Defender in and for the City and County of Denver, William J. Chisholm, Public Defender in and for the City and County of Denver, Harry L. Hellerstein, Assistant, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Paul D. Rubner, Assistant, Eugene Cavaliere, Assistant, for defendant in error.

*En Banc.*

Opinion by MR. CHIEF JUSTICE MCWILLIAMS.

EARLIE (Bowtie) JOHNSON, hereinafter referred to as the defendant, was convicted of the crime of unlawful possession of marijuana. The defendant now seeks a reversal of this conviction, and contends as ground therefor that the matchbox containing marijuana introduced into evidence at the trial was obtained by the police as a result of an unlawful search and seizure. We do not agree and accordingly affirm the judgment.

The facts essential to a disposition of this writ are not in dispute. Sorenson and Egan, two uniformed police officers, were cruising in a marked patrol car in a westerly direction on East 25th Avenue approaching Washington Street in Denver when they espied the defendant and another individual walking north on Washington Street. The defendant was personally known to the officers; the defendant's companion, however, was not personally known to either officer. Officer Egan testified that defendant's companion "looked like" a person then listed on the daily police bulletin. It was for this reason that the police officers stopped their vehicle in the middle of the street and approached the two individuals on foot. One officer then engaged in very brief conversation with defendant's companion and asked for the latter's identification card. (It later developed that defendant's companion was *not* the same person as the person described in the police bulletin.) While defendant's companion was producing his identification card, the defendant — apparently without any questions having been directed to him — suddenly "turned" and "started to run." The testimony of Officer Sorenson was that "as the defendant whirled around and started to run the defendant threw from his left hand a matchbox to the ground." The matchbox was described as being a "small cardboard box with a green rubber band around it."

It was in this setting then that Officer Sorenson gave chase and quickly apprehended the defendant within some 20 to 30 feet from the place where the defendant had thrown the matchbox. Officer Egan generally corroborated Sorenson's recital of events and went on to testify that he then retrieved the matchbox thrown by the defendant. Other testimony established that the matchbox contained marijuana. The defendant's testimony was that he did throw a matchbox away but that the box he threw was an empty one, and that the box the police picked up was not the particular box thrown by him.

We hold that this is not a case of unlawful search and seizure. In fact there was no search and seizure, as such; rather this is a situation where the defendant abandoned his property before any search and seizure ever materialized.

It is argued by the defendant that if it be deemed that he "abandoned" the matchbox, his was an "involuntary abandonment" caused by unlawful police activity and that the constitutional prohibitions against unlawful search and seizure are applicable in such situation. In this regard, however, the record, both as it relates to the trial proper and also as it pertains to the evidentiary hearing in connection with defendant's motion to suppress, simply does not disclose any unlawful police action on the part of either Officer Sorenson or Egan. The instant case comes within the ambit of *Martinez v. People,* 169 Colo. 366, 456 P.2d 275, and *Smith v. People,* 167 Colo. 19, 445 P.2d 67.

In our view *Rios v. United States,* 364 U.S. 253, 80 S. Ct. 1431, 4 L.Ed.2d 1688, which the defendant claims to be on all fours with the instant case, does not dictate a reversal. Indeed, *Rios* would actually seem to support our disposition of the present controversy, inasmuch as in the instant case there was no arrest until after the defendant threw the matchbox. In *Rios* there was some evidence that the arrest occurred prior to the dropping by the de-

fendant of narcotics on the floor of a taxicab and the United States Supreme Court remanded the case to the trial court to make a finding as to when the arrest occurred in relation to the dropping of the narcotics with the declaration that if it be determined that the arrest occurred before the dropping of the narcotics, then the arrest under the circumstances of that case was an unlawful one and would not justify a search as an incident thereto.

Judgment affirmed.

MR. JUSTICE PRINGLE not participating.