## No. 25165.

### THE PEOPLE OF THE STATE OF COLORADO *v.* WILLIAM B. ORTEGA.
(485 P.2d 894)

Decided June 14, 1971.

JARVIS W. SECCOMBE, District Attorney, Second Judicial District, COLEMAN M. CONNOLLY, Deputy, SILVANA DEL PICCOLO, Deputy, for plaintiff-appellee.

EPSTEIN, LOZOW & PREBLUD, DONALD L. LOZOW, GARY LOZOW, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

THIS case was originally before us in *People. v. Ortega,* 173 Colo. 564, 481 P.2d 727. It was remanded to the trial court for another evidentiary hearing so that we might have the benefit of the trial court's findings.

The evidence sought to be suppressed consisted of heroin, marijuana and LSD (lysergic acid diethylamide). After a full evidentiary hearing, the trial court denied the suppression motion.

The trial court made extensive findings of fact, among which were the following: that the police had received a tip from a previously reliable informant that Ortega was hiding narcotics in a weeded area in the back-

yard behind his apartment residence; that the police had had previous dealings with Ortega with respect to narcotics; that because of this information the police established a surveillance of Ortega's residence; that while conducting the surveillance the police saw Ortega emerge from the back of the residence, walk to a weeded area, bend in a crouching position for a few seconds, stand up, and begin walking back to the residence; that the police called to Ortega and saw him throw an object with his right hand; that the police then arrested Ortega without a warrant; that one of the officers retrieved a tinfoil-wrapped package containing balloons of heroin; and that thereafter the other officer found marijuana and LSD hidden in the weeded area from which Ortega had come. The court's findings of fact are supported by ample competent evidence and will not be disturbed on review.

The trial court concluded from the foregoing findings that the heroin had been abandoned by Ortega and ruled that the heroin was properly seized. We agree. *Johnson v. People,* 171 Colo. 150, 465 P.2d 128; *Martinez v. People,* 169 Colo. 366, 456 P.2d 275; *Smith v. People,* 167 Colo. 19, 445 P.2d 67.

We also agree with the court's conclusion that Ortega's warrantless arrest was based upon probable cause and that the marijuana and LSD, which were thereafter found in an area of the backyard in close proximity to Ortega, were lawfully seized as an incident to Ortega's arrest. *People v. Nanes,* 174 Colo. 294, 483 P.2d 958.

It is argued that the officers had no right to conduct the surveillance under the circumstances of this case. The record is not clear whether this argument was presented for consideration by the trial court. However, as we understand it, because Ortega was walking within the backyard of the apartment house where he lived, it is argued that he was then within an area where he was entitled to a reasonable expectation of privacy, free from unconstitutional visual intrusions; and that, therefore, the officers' surveillance, even though from a position

outside of the property, was forbidden; and the knowledge thus gained from Ortega's activities could not be used to bolster the officers' basis for probable cause. We do not find merit to this contention.

In *Hester v. United States,* 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898, it was held that observation of a dwelling and its curtilage may lawfully be made without a warrant. *See also Campbell v. United States,* 395 F.2d 848 (4th Cir.); *cert. denied,* 393 U.S. 834, 89 S.Ct. 106, 21 L.Ed.2d 105.

We do not agree that there was a *reasonable* expectation of privacy in the backyard, such as the record herein discloses, and we find nothing in *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576, that would necessitate a different conclusion. In *Katz* it was stated: "* * * What a person knowingly exposes to the public, even in his own home or office, is not subject to Fourth Amendment protection. See *Lewis v. United States,* 385 U.S. 206, 210; *United States v. Lee,* 274 U.S. 559, 563. But what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected. See *Rios v. United States,* 364 U.S. 253; *Ex parte Jackson,* 96 U.S. 727, 733."
*See also People v. Snelling,* 174 Colo. 397, 484 P.2d 784.

There was no evidence presented of any facts from which a *reasonable* expectation could be logically inferred. For an analogous backyard situation wherein the court held there was no reasonable expectation of privacy, see *People v. Bradley,* 81 Cal. Rptr. 457, 460 P.2d 129.

The ruling is affirmed.