No. 24260.

JOHN EDWARD ZAMORA AND BENNIE EDWARD JOHNSON *v.* THE PEOPLE OF THE STATE OF COLORADO.
(487 P.2d 1116)

Decided August 9, 1971.

Francis R. Salazar, Bailey Belfor, Herb Delaney, Jr., for plaintiffs in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Michael T. Haley, Assistant, Eugene C. Cavaliere, Assistant, for defendant in error.

*En Banc.*

Mr. Chief Justice Pringle delivered the opinion of the Court.

This writ of error is brought by John Edward Zamora and Bennie Edward Johnson, hereinafter referred to as the defendants or by name, from their conviction for possession of cannibus sativa L., commonly known as marijuana. They were tried jointly.

On the basis of an affidavit grounded on information

supplied by an informer, a search warrant was obtained to search the premises of Advanced Transmission Specialists located outside Grand Junction. This garage was operated by defendant Johnson on a rent-out space basis to the public whereby a customer rents a stall and works on his own car. At approximately 6:00 p.m., on the evening of July 3, 1968, officers of the Grand Junction police department went to the garage to serve and execute the warrant.

When the police arrived, they saw the two defendants and three other men in a circle. Defendant Zamora was hurriedly emptying the water out of a water pipe. The officers testified that they knew that this was the type of pipe often used to smoke marijuana, and immediately took it from Zamora and placed him under arrest. The officer testified that the odor arising from the pipe was known to them to be that of marijuana. All five of the men were then told to stand up against a car, and were searched. Nothing was found on their persons. Johnson was then served with the warrant, and the search commenced.

Inside the garage another water pipe, a long stemmed pipe, and a marijuana cigarette were found. Outside the garage, the officers found two large bags the contents of which they properly suspected to be marijuana. At this time Johnson was placed under arrest. The other three individuals were allowed to leave without further incident. While booking Johnson, one of the officers noticed debris in Johnson's shirt pocket which he suspected to be additional marijuana. The shirt was seized, and tests confirmed the officer's beliefs.

At trial, the People made no attempt to introduce into evidence the long stemmed pipe or the marijuana cigarette. They did offer the two bags of marijuana and the other water pipe, but the trial court concluded that these three exhibits were found too far from the defendants to be connected with them, and refused their admission into evidence. Only the water pipe taken from

Zamora and the contents of Johnson's shirt pocket were admitted into evidence by the trial judge.

█ Throughout the pre-trial proceedings and during the trial, defense counsel argued that the affidavit on which the warrant was based was defective and could not properly establish probable cause. All their motions were denied. The People have now confessed error as to Johnson, agreeing that in light of our recent decision in *People v. Brethauer*, 174 Colo. 29, 482 P.2d 369, the affidavit upon which the search warrant was issued was not sufficient to establish probable cause, and that the search of the garage and resultant arrest of Johnson were part of the illegal fruits of the invalid warrant as was the search of his shirt. We agree and therefore reverse as to Johnson.

The following arguments must now be considered as they relate to Zamora: (1) That Zamora's arrest and search were also tainted by the invalid search warrant, (2) that there was not sufficient evidence to convict Zamora, (3) that the prominent display of the two bags of marijuana before the jury which were denied admission into evidence constituted prejudicial error, (4) that questions asked of two defense witnesses on cross-examination were prejudicial, and (5) that the trial court committed error in instructing the jury. We find no error regarding any of these allegations, and affirm as to Zamora.

I.

█ Zamora first argues that since the search warrant which brought the officers to the garage was invalid, the arrest of Zamora as a result of the police observation of his possession of the marijuana filled water pipe was also illegal. The argument is not tenable. Neither U.S. Const. amend. IV (Fourth Amendment) nor Colo. Const. art. II, § 7, protects an individual in a place where he had no reasonable expectation of privacy. *See People v. Ortega*, 175 Colo. 136, 485 P.2d 894; *Hoffa v. United States*, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374. This

was a public garage where anybody could walk in at any time. If Zamora chose to stand in the middle of such a garage in open view of anybody entering the building, we cannot say he had any reasonable expectation of privacy. We hold, therefore, that neither of the constitutional provisions referred to above were relevant to this arrest and seizure.

## II.

█ Zamora next argues that there was not sufficient evidence to convict him of possession of marijuana. We disagree. The People introduced into evidence the water pipe containing marijuana taken from Zamora when the officers entered the garage. Expert testimony was offered to the effect that the contents of the pipe had been tested and proved to be marijuana. Zamora argues that there was so little marijuana that the law should not consider it a crime. C.R.S. 1963, 48-5-1(13), as it stood at all times applicable here, set no minimum amount on which a conviction may be based. *Casias v. People,* 160 Colo. 152, 415 P.2d 344. It should also be noted that Zamora's argument that the residue of the pipe was burned is not supported by the record. The expert referred to the residue as burned and *partially* burned. We conclude the People made a prima facie case against Zamora.

## III.

Up until the time the trial court concluded it would not allow the two bags of marijuana into evidence, they had been on the District Attorney's counsel table in front of the jury. Once the trial court reached its decision on the matter, it ordered the bags removed from the jury's view. Zamora argues that the impact of seeing these bags constituted error which could not be removed by the cautionary instruction given. We disagree.

█ It is, of course, axiomatic that the jury should not be shown or have displayed in front of them ex-

hibits that are not admitted in evidence. Matters of evidence which are of doubtful admissibility should not be placed on counsel's desk where they may readily be seen by a trial jury. However, the question of whether or not to grant a motion for a mistrial must remain within the sound discretion of the trial court as it is in the best position to judge what effect the disclosure may have had upon the jury. *See Mora v. People,* 173 Colo. 552, 481 P.2d 729; *Washington v. People,* 169 Colo. 323, 455 P.2d 656; *Brown v. United States,* 380 F.2d 477. The record shows that a proper cautionary instruction to correct the situation was given in this case by the trial judge. Under the state of the record here, we cannot say that Zamora has demonstrated that the refusal to grant a mistrial constituted an abuse of discretion.

## IV.

Zamora next argues that certain questions propounded to two defense witnesses were so highly inflammatory as to require a mistrial. The two witnesses were two of the three people other than the defendants who were in the garage at the time the officers arrived. The questions asked on cross-examination were whether either of them had ever seen people smoking marijuana. One witness answered "occasionally," and the other refused to answer on the ground that it would tend to incriminate him. Both witnesses contradicted the testimony of the police officers concerning Zamora's possession of the water pipe at the time the officers entered the building. The purpose of the questioning was obviously to establish that the witnesses knew exactly what was going on in the premises with respect to the water pipe in contradiction to the witnesses' testimony on direct examination that they did not know why the water pipe was in the garage. The questions were not improper.

## V.

Zamora's final arguments relate to the instructions given to the jury in this case. He complains

that one of the instructions referred to cannabis as being "also known as marijuana." In *Martinez v. People*, 160 Colo. 333, 417 P.2d 485, we laid to rest any argument that this type of instruction in any way constituted error. The second argument is that the presumption of innocence instruction contained the language that the presumption remained "until" rather than "unless" sufficient evidence was brought forth to overcome the presumption. Zamora argues this indicated to the jury the court's belief that the prosecution would produce such evidence. We disagree, and feel this argument is so specious as to warrant no further discussion.

 The third point relates to those two instructions which told the jury that if they found the defendants knowingly possessed the marijuana, they could presume they were aware of the criminal character thereof. These instructions were proper statements of the law. *See Petty v. People*, 167 Colo. 240, 447 P.2d 217.

 The final argument relates to the refusal of the trial court to give the tendered instruction of the defendants to the effect that in order to be found guilty they must have possessed a readily identifiable quantity of marijuana, which would be usuable as a drug. We hold the trial court was entirely correct in refusing this instruction for the reasons set forth in Part II of this opinion.

The judgment of the trial court relating to Zamora is affirmed. The judgment relating to Johnson is reversed, and remanded for further proceedings not inconsistent with this opinion.