Mr. Justice Day
delivered the opinion of the Court.
This case involves an interlocutory appeal by defendants Jeffrey Cook and David Shearer from an adverse ruling of the trial court on a motion to suppress as evi *23 dence certain items seized from the defendants during searches of their persons and residences. The facts which resulted in the defendants being charged with unlawful possession of narcotic drugs (C.R.S. 1963, 48-5-2) are briefly as follows:
On May 2, 1969, a deputy sheriff observed two boys whom he identified as the defendants, lying in the City Park in Steamboat Springs with a wine bottle on the ground between them. Believing the boys to be under the age of 21, the deputy contacted an additional officer and they returned to the park, ostensibly to investigate the unlawful possession of vinous liquor. When the officers arrived at the park, they observed that the wine bottle had been moved from between the two suspects to one side. When asked if the bottle was theirs, the suspects replied that it belonged to friends whom they could not identify. While they were examining the bottle and talking with the suspects, it became apparent to the sheriffs from the odor of alcohol on the boys’ breath that they had been drinking liquor. After asking for identification and determining that the boys were under age, the officers declared their intention to take the two to the police station. Cook and Shearer then started gathering their possessions, consisting of clothing, cigarettes and a leather pouch, from the immediate vicinity. When the leather pouch was picked up it revealed a black plastic box underneath it on the ground. Neither boy attempted to retrieve the box and when asked who owned the box, Shearer disclaimed ownership and Cook initially remained silent. Before the ownership of the box was admitted by Cook, the officers examined the box’s contents, which included a quantity of green leafy material.
The defendants were then taken to the police station, advised of their rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Although not specifically brought out by the record, apparently one or more residences were later searched pursuant to *24 search warrants and additional materials were confiscated.
Following a full hearing at which both defendants and both police officers testified, the trial court denied the defendants’ motion to suppress. We agree.
I.
We find no merit to the arguments of the defendants that the seizure of the contents of the plastic box was illegal. The youths were seen lounging on a public park lawn within a very few feet of a half empty bottle of wine. No one else was present in the vicinity who might have owned or moved the bottle. The boys were both under the age of 21, and had the smell of liquor on their breath. We hold that these facts were sufficient to sustain the decision by the officers to take the defendants into custody on a charge of unlawfully using or possessing vinous liquors.
The box was left on the ground when the defendants picked up their belongings. It was not examined until both defendants disclaimed ownership. It is undisputed that the officers (a) did not search the defendants at the park; (b) looked into the box only after the defendants started to walk away leaving it behind, after each was asked if it was his and after a negative answer from one while the other stood mute. Based upon these facts, we conclude that it was proper for the officers to examine the box and its contents as abandoned property. See Smith v. People, 167 Colo. 19, 445 P.2d 67 (1968); Martinez v. People, 169 Colo. 366, 456 P.2d 275 (1969).
II.
The defendants also argue that the statements obtained from them at the park are inadmissible inasmuch as the protections afforded by Miranda, supra, had not been given to the defendants at that time. We find nothing in the record which would offend the doctrines set forth in Miranda. The only questioning of the de *25 fendants at the scene occurred when, in the course of the initial investigation of defendants’ open- conduct the officers asked the youths for identification in an effort to ascertain whether they were under age, and whether the bottle of liquor belonged to them. The officers’ only other inquiry was to the ownership of the plastic box when the defendants started to walk away leaving it behind. These questions were not aimed at the eliciting incriminating statements or toward producing a confession, but were of a general nature, and are not therefore the kind of questions proscribed by Miranda. See also United States v. Konigsburg, 336 F.2d 844 (1964); cert. denied, 379 U.S. 933, 85 S.Ct. 334, 13 L.Ed.2d 344.
Other arguments presented by the defendants have been examined and found to be without merit.
The ruling of the trial court denying defendants’ motion to suppress is affirmed.