## No. 25361

## The People of the State of Colorado v. Stanley Weisenberger

(516 P.2d 1128)

Decided December 17, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, Mary G. Allen, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant, Stanley Weisenberger, was convicted by a jury in the district court of Montrose County of possession of marijuana. We reverse the conviction.

During the afternoon of January 25, 1971, Sheriff Gilmore of Montrose County and four other officers went to the farm of appellant, armed with a warrant which authorized the search of the "Residence of Stanley Weisenberger, Olathe, Colorado." The warrant was served upon appellant and, while Sheriff Gilmore and two of the officers searched appellant's house, Undersheriff Weiszbrod and another officer searched some outbuildings, including a chicken house. No contraband was found in the house or the immediate outbuildings; however, a search of the chicken house uncovered three two-pound packages of marijuana, a number of plastic baggies containing marijuana, a wooden box containing marijuana seeds, tops and stems, and three pipes. Also found was a Samsonite case containing a set of postal scales.

Appellant filed a pretrial motion to suppress the evidence seized from the chicken house, upon the grounds that the affidavit was insufficient to authorize the issuance of the search warrant. After an evidentiary hearing, the trial court concluded that "[t]he search warrant was issued on the basis of an affidavit of very doubtful validity since it failed to set out the corroborative evidence in the knowledge of the sheriff." The court found, however, that the chicken house was not within the curtilage of the farm residence and the warrant did not apply to it. The court then concluded that

the officers had probable cause to search the chicken house and that the warrantless search of the chicken house was not an unreasonable search. The motion to suppress the evidence seized was then denied. At trial, the motion to suppress was renewed and again denied.

The court's findings, in our view, do not recite sufficient facts and circumstances from which a reasonable inference might be drawn that appellant was secreting drugs in the outbuilding. Furthermore, assuming there was probable cause, there were no attendant exigent circumstances which might otherwise authorize a warrantless search in this case; as in the first instance, the officers felt compelled to obtain a warrant before undertaking their search of appellant's premises.

In our view the court's reliance on the curtilage doctrine was misplaced. Even though the area of the search might have been outside the curtilage, nevertheless, if it was a place where the owner had a reasonable expectation of privacy, then it was a constitutionally protected area where warrantless intrusions are forbidden under the federal and state constitutions. *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576.

"* * * But this effort to decide whether or not a given 'area,' viewed in the abstract, is 'constitutionally protected' deflects attention from the problem presented by this case. For the Fourth Amendment protects people, not places. What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection. * * * But what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected. * * *"

In *Katz, supra,* petitioner was entitled to expect privacy in the telephone booth because of the private nature of his business conducted therein.

The record reflects that the chicken house was in proximity to the Weisenberger home and was being put to an active domestic use. It housed ten to fifteen laying hens and contained necessary feed and water for their maintenance.

There was no public exposure of illicit activity being conducted in or about the chicken house. *Cf. Zamora v. People,* 175 Colo. 340, 487 P.2d 1116, and *People v. Ortega,* 175 Colo. 136, 485 P.2d 894.

In light of these circumstances, we think it clear that appellant had a reasonable expectation of privacy in this outbuilding. The warrantless intrusion upon it and the search and seizure of the items contained therein violated his rights under the Fourth Amendment to the United States Constitution and Article II, Section 7, of the Colorado Constitution.

In view of our disposition here, it is unnecessary to consider appellant's other assignemnts of error.

The judgment is reversed and the cause remanded for a new trial.