The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Claude J. SHARPLESS,
Defendant–Appellee.

No. 91SA41.

Supreme Court of Colorado,
En Banc.

April 8, 1991.

Peter Michaelson, Dist. Atty., Fifth Judicial District, Robert H. Wheeler, Asst. Dist. Atty., Golden, for plaintiff-appellant.

Defendant-appellee not appearing.

Justice ERICKSON delivered the Opinion of the Court.

In this interlocutory appeal, pursuant to C.A.R. 4.1, the prosecution appeals from an order of the district court suppressing a statement made by the defendant, Claude J. Sharpless, while in the custody of the Colorado State Patrol. The district court held that the statements were the product of custodial interrogation without the benefit of *Miranda* [1] warnings, and therefore unconstitutionally obtained. We reverse the suppression order and remand to the trial court for further proceedings consistent with this opinion.

On August 17, 1990, Christine Watkins entered the Idaho Springs, Colorado, State Patrol Office, visibly upset. While Watkins was driving on Interstate 70 near Idaho Springs, a white Ford Escort tailgated her automobile for a considerable distance. She said that just east of Idaho Springs, as she was driving in the left lane, she saw the driver of the Escort pick up a pistol and hold it against the steering wheel. Watkins pulled into the right lane, and as the Escort passed her on the left, the driver pointed the pistol at her. Watkins gave a description of the driver, the car, and the car's license number to the State Patrol. A State Patrol officer located an Escort, which matched the description given by Watkins and was driven by Sharpless. When the Escort was stopped, Sharpless jumped out of his car, and was ordered by the officer to lie on the ground. As Sharpless was being handcuffed, he asked the officer if he could explain what happened. Although there was conflicting testimony, the trial judge found that the officer did not respond, and continued to handcuff Sharpless and to make a search incident to the arrest. Sharpless then stated: "In Europe, everyone else drives fast and here they don't. The reason I grabbed the gun was because that car was going slow and would not move out of my way, so I used the gun to scare her out of my way." A search of the Escort produced a loaded 9mm pistol with a shell in the chamber, which Sharpless admitted that he owned.

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Sharpless was charged with felony menacing in violation of section 18–3–206, 8B C.R.S. (1986). Defense counsel filed a motion to suppress the statements Sharpless made to the officer. The district court held that Sharpless was in custody and was interrogated, even though the officer did not ask Sharpless a question. Since Sharpless was not given a *Miranda* warning prior to making the statement, the trial court granted the defense motion to suppress.

■■■ *Miranda v. Arizona* requires a law enforcement officer to give a suspect warnings prior to custodial interrogation in order to ensure that the accused is advised of his right to counsel and his right not to incriminate himself. 384 U.S. at 478–79, 86 S.Ct. at 1629–30; *see also People v. Probasco*, 795 P.2d 1330 (Colo.) (police officer being questioned by fellow officers not in custody), *cert. denied*, ─── U.S. ───, 111 S.Ct. 558, 112 L.Ed.2d 564 (1990). A *Miranda* warning is only required when an accused is in custody and is subjected to interrogation. *Miranda*, 384 U.S. at 478–79, 86 S.Ct. at 1629–30; *Probasco*, 795 P.2d at 1332. In *People v. Trujillo*, 784 P.2d 788, 790 (Colo.1990), we said that interrogation "refers not only to express questioning by a police officer, but also to any words or actions on the part of the officer that the officer 'should know are reasonably likely to elicit an incriminating response from the suspect.'" (Quoting *Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S.Ct. 1682, 1689–90, 64 L.Ed.2d 297 (1980)). In *Innis*, the United States Supreme Court held that two police officers discussing the possibility that a shotgun, hidden in a playground by the suspect, might be found and might injure a young child if not recovered, did not amount to interrogation for *Miranda* purposes. 446 U.S. at 303, 100 S.Ct. at 1691. The Court said that "[a]ny statement given freely and voluntarily without compelling influences is, of course, admissible in evidence.... Volunteered statements of any kind are not barred by the

Fifth Amendment...." *Id.* at 300–01, 100 S.Ct. at 1689–90 (quoting *Miranda*, 384 U.S. at 478, 86 S.Ct. at 1630). *Cf. Brewer v. Williams*, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977) (Christian burial speech amounted to interrogation). *Innis* concluded that *Miranda* was applicable anytime a person in custody was subject to express questioning or its functional equivalent "(other than those [words or actions] normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Id.* 446 U.S. at 301, 100 S.Ct. at 1690 (footnotes omitted).

The officer's conduct in this case did not rise to the level of interrogation under *Miranda* and its progeny. The district court erred in concluding that the officer's silence in the face of the defendant's attempt to explain what happened, which was not in response to any conduct of the officer apart from that normally attendant to arrest, amounted to interrogation. *See People v. Pierson*, 670 P.2d 770, 774 (Colo. 1983) (defendant's statements not a result of custodial interrogation since not in response to express questioning and because defendant initiated conversation); *People v. Cook*, 176 Colo. 21, 488 P.2d 895 (1971) (questions of a general nature, not aimed at producing incriminating answers, are not interrogation); *People v. Smith*, 173 Colo. 10, 475 P.2d 627 (1970) (police not under an obligation to protect suspect from making a voluntary statement that is not in response to a question).

The statement in this case was not coerced by the officer, and was "the product of an essentially free and unconstrained choice by its maker." His will was not overborne nor "his capacity for self-determination critically impaired." *United States v. Olmstead*, 698 F.2d 224, 226 (4th Cir.1983) (psychological effect of silence must be assessed against the factual background of the accused and the circumstances of the interrogation) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 223–27, 93 S.Ct. 2041, 2045–48, 36 L.Ed.2d

854 (1973), and *Culombe v. Conn.*, 367 U.S. 568, 602, 81 S.Ct. 1860, 1879, 6 L.Ed.2d 1037 (1961)).

Accordingly, the order suppressing the statement is reversed, and the case is remanded for further proceedings consistent with this opinion.