The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Lonnell L. EVANS, Defendant–Appellant.

No. 92CA1373.

Colorado Court of Appeals, Div. IV.

May 19, 1994.

Rehearing Denied June 23, 1994.

Certiorari Denied Jan. 17, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovick, Sol. Gen., John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Lindy Frolich, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge ROTHENBERG.

Defendant, Lonnell L. Evans, appeals the judgment of the trial court entered on a jury verdict finding him guilty of possession of a controlled substance. We affirm.

In April 1991, a Denver Police officer pulled a car over because it had a burned-out headlight. As the officer was getting out of his patrol car, the defendant, who was a passenger in the other car, got out of that car. The officer ordered the defendant to get back into the car, but defendant disregarded the order and started to walk away. When the officer again ordered defendant to get back into the car, defendant began to run.

The officer chased defendant. A second officer saw defendant, joined the pursuit and shouted at him to stop. Defendant slowed down, put a pager and two cellophane baggies on the ground, took a few more steps, and then lay down on the ground. Later tests of the baggies' contents proved positive for marijuana and cocaine, and this prosecution followed.

Before trial, defendant moved to suppress the cocaine, marijuana, and pager on the grounds that the evidence was the product of an unreasonable, warrantless seizure of his person. In response, the prosecution argued that the evidence was admissible because it was obtained before any seizure had occurred. In the alternative, the prosecution argued that even if a seizure had occurred, it was justified because the police had a "reasonable suspicion."

The trial court denied the motion to suppress, finding that: (1) the officer made a lawful traffic stop of the vehicle in which defendant was a passenger; (2) the purpose of the officer's intrusion was to keep everyone in eyesight and to keep things under control; (3) such an intrusion was valid; and (4) defendant had no reasonable expectation of privacy in items placed on a public sidewalk.

I.

Defendant claims the trial court erred in denying his motion to suppress. Specifically, he asserts that the police obtained the evidence as the result of an unlawful seizure and that the officer did not have the reasonable suspicion required to justify stopping him. Because we conclude that no seizure occurred, we reject defendant's contention.

■ Initially, we note that although defendant's motion to suppress evidence asserted the evidence "seized by law enforcement and the fruits thereof" were in violation of both "the Fourth and Fourteenth Amendments of the United States Constitution and of the Colorado Constitution," at the hearing on the motion, the defendant did not rely on or even mention the Colorado Constitution. Likewise, the trial court did not rely upon or even mention the Colorado Constitution.

Recently, in *People v. Olivas*, 859 P.2d 211 (Colo.1993), our supreme court stated:

In the absence of a clear statement that a suppression ruling is grounded on the Colorado Constitution, the presumption is that a trial court relied on federal constitutional law in reaching its decision.

Applying that principle here, we presume that the trial court relied on federal constitutional law in its ruling. Therefore, we consider only whether the Fourth Amendment requires suppression of the evidence and do not consider whether the Colorado Constitution might afford greater protection to the defendant.

■ A brief, investigatory stop does not violate the Fourth Amendment's prohibition against "unreasonable searches and seizures" when such stop is justified by reasonable, articulable suspicion that the individual has or is engaged in criminal activity, and the scope and character of the detention are reasonably related to its purpose. *People v. Johnson*, 865 P.2d 836 (Colo.1994).

In *California v. Hodari D.*, 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), the United States Supreme Court addressed the exact issue now before us, that is, whether a defendant who runs from an officer who has ordered him to stop, has been "seized" within the meaning of the Fourth Amendment.

In *Hodari D.*, several youths who were standing on a street corner ran away when two officers approached them in a police car. The officers became suspicious and gave chase. Because Hodari was looking behind him as he ran, he ran directly toward one of the officers and did not see the officer until the officer was almost upon him. At that time, Hodari tossed away what appeared to be a small rock. Immediately thereafter, Hodari was taken into custody, and it was later determined that the discarded rock was crack cocaine.

Hodari filed a motion to suppress. The sole issue before the Court was whether, at the time Hodari dropped the drugs, he had been "seized" within the meaning of the Fourth Amendment. The Supreme Court answered in the negative.

It held that a seizure does not occur if, in response to a show of authority, the subject does not yield. A seizure occurs only when the police physically subdue the subject. Based upon that holding, the Court concluded that there was no seizure of Hodari, that the police lawfully recovered the drugs which he had abandoned, and that the trial court had erred in suppressing the evidence.

■ The facts before us are virtually identical to those in *Hodari D.*, and therefore, we reject defendants' contention that his federal constitutional rights have been violated. Here, under the holding of *Hodari D.*, defendant was not seized when the officer ordered him back into the car, or when he ordered defendant to stop and then chased him. Defendant was seized within the meaning of the Fourth Amendment only when he was physically subdued by the officer.

We need not address defendant's additional contention that the officer did not have reasonable suspicion to stop defendant, because our conclusion would be the same even if we assume the defendant's contention is correct. *See California v. Hodari D., supra* (Supreme Court assumed for purpose of decision that officer lacked reasonable suspicion to stop Hodari).

In sum, the evidence in question was abandoned before any seizure occurred, and it was therefore lawfully recovered by the police. *See People v. Cooper*, 731 P.2d 781 (Colo.App.1986) (where defendant threw a gun to the ground after detectives initiated a valid investigatory stop, seizure of the gun was proper as defendant had abandoned it); *Johnson v. People*, 171 Colo. 150, 465 P.2d 128 (1970) (conviction affirmed where defendant abandoned the property before any search and seizure materialized). *But see*

*People v. Thomas,* 660 P.2d 1272, 1275 (Colo. 1983) ("[A] stop starts when pursuit begins.").

Accordingly, the trial court did not err in denying defendant's motion to suppress.

## II.

Defendant next claims the trial court erred in denying his motion for mistrial, made as a result of an alleged discovery violation. We disagree.

A mistrial is a drastic remedy and is warranted only when the prejudice to the accused is so substantial that its effect on the jury cannot be remedied by other means. The granting of a motion for mistrial is within the sound discretion of the trial court. *People v. Fernandez,* 883 P.2d 491 (Colo.App. 1994).

Crim. P. 16(I)(a)(1)(III) requires that the prosecuting attorney make available to the defendant:

> Any reports or statement of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments or comparisons.

Here, it is undisputed that the prosecution gave defendant a copy of the lab report which indicated that the material seized from him had tested positive for cocaine. Defendant claims, however, that the prosecution was also required to provide him with the readouts printed by the instruments used to reach the test results and that the prosecution's failure to do so violated Crim. P. 16 and required a mistrial.

Crim. P. 16 requires only that the prosecution provide the expert's report and his or her results. The prosecution has done so here, and the court properly denied defendant's motion for mistrial.

Moreover, defendant had the test results four months before trial and failed to file a motion indicating that the results were in-

complete or inadequate. *See* Crim. P. 16(V)(b)(2).

The judgment is affirmed.

PLANK and MARQUEZ, JJ., concur.